UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


COLLEEN WOZNICK,                          )
                                          )
              Plaintiff,                  )        Case No. 6:15-cv-00111-AA
                                          )
       v.                                 )        **OPINION AND ORDER**
                                          )
CAROLYN W. COLVIN,                        )
Acting Commissioner of Social Security,   )
                                          )
              Defendant.                  )
                                          )

Bruce W. Brewer
PO Box 421, West Linn, OR 97068
         Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Herbert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Lars J. Nelson
Special Assistant United States Attorney
Office of the General Counsel

Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
        Attorneys for Defendant


**Aiken, District Judge**:

Colleen Woznick ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## I.    BACKGROUND

### A.    The Application

Born in December 1963, plaintiff was 49 years old at the time of the administrative hearing. Tr. 38, 151. She completed two years of college, and has worked as a waitress in several restaurants and as an assistant manager at a fast food restaurant. Tr. 171-72. She alleges disability due to PTSD, bipolar disorder, anxiety, herniated discs, degenerative disc disease, bone spurs, arthritis, hyperthyroidism, and chronic pain. Tr. 170.

Plaintiff filed her application for DIB on April 12, 2011, alleging disability as of February 8, 2011. Tr. 10, 151. After the Commissioner denied her application initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 112-13. An administrative hearing was held on June 11, 2013. Tr. 34-73. On July 19, 2013, ALJ John Michaelson issued a written decision finding plaintiff not disabled. Tr. 10-21. The Appeals Council denied plaintiff's subsequent request for review on November 18, 2004, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-5. This appeal followed.

Page 2 – OPINION AND ORDER

**B.    The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42

U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011); see also 20 C.F.R.

§ 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Each step is potentially dispositive.

20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of

questions:

1.      Is the claimant performing "substantial gainful activity?" 20 C.F.R. §
        404.1520(a)(4)(i). This activity is work involving significant mental or
        physical duties done or intended to be done for pay or profit. 20 C.F.R. §
        404.1510. If the claimant is performing such work, she is not disabled
        within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the
        claimant is not performing substantial gainful activity, the analysis
        proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's
        regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in
        death, an impairment is "severe" if it significantly limits the claimant's
        physical or mental ability to do basic work activities. 20 C.F.R. §
        404.1521(a). This impairment must have lasted or must be expected to last
        for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the
        claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §
        404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis
        proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the
        impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
        then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the
        impairment does not meet or equal one or more of the listed impairments,
        the analysis proceeds beyond step three. At that point, the ALJ must
        evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment
of work-related activities that the claimant may still perform on a regular
and continuing basis, despite any limitations imposed by his or her
impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ
determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC
assessment? If so, then the claimant is not disabled. 20 C.F.R. §
404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant
work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience,
is the claimant able to make an adjustment to other work that exists in
significant numbers in the national economy? If so, then the claimant is
not disabled. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot
perform such work, he or she is disabled. *Id.*

See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 953; see also

Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); Yuckert, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. Tackett, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." Id.; see also 20 C.F.R. § 404.1566 (describing

"work which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that

the claimant is able to perform other work existing in significant numbers in the national

economy, the claimant is not disabled. Bustamante, 262 F.3d at 953-54; Tackett, 180 F.3d at

1099.

C.    **The ALJ's Decision**

The ALJ performed the sequential analysis. At step one, he found plaintiff had not engaged in substantial gainful activity since February 8, 2011, the alleged onset date. Tr. 12. At step two, the ALJ concluded plaintiff had the severe impairments of posttraumatic stress disorder, bipolar disorder, and degenerative disc disease. Id. At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 12-13.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that she retains the capacity to perform light work with the following limitations: she can occasionally stoop, kneel, balance, crouch, crawl, and climb stairs and ramps; she is incapable of climbing ladders, ropes and scaffolds; she is incapable of more than occasional overhead reaching bilaterally; and she is limited to no more than occasional interaction with supervisors, co-workers, and the general public. Tr. 14. At step four, the ALJ found plaintiff unable to perform any of her past relevant work. Tr. 19. At step five, the ALJ found plaintiff capable of performing jobs that exist in significant numbers in the national economy, including meter reader and mail clerk. Tr. 19-20. The ALJ therefore concluded plaintiff was not disabled. Tr. 20.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." Bray v. Comm'r, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Id.; see also Bray, 554 F.3d at 1226.

## II.    DISCUSSION

Plaintiff argues the Commissioner erred by (1) improperly rejecting her subjective symptom testimony; and (2) improperly evaluating the medical evidence, including plaintiff's GAF scores and the opinion of Michael Phillips, M.D.

### A.    Plaintiff's Testimony

Plaintiff first argues that the ALJ erred by rejecting her subjective symptom testimony. In Cotton v. Bowen the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Cotton, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if he provides clear and

convincing reasons for doing so. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. Id. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." Id. (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified that she has had "mental problems" for "all of [her] life," but was unable to get help until she moved to Corvalis, Oregon. Tr. 45. She stated that she has received treatment for chronic pain for nine years, and has been "pretend[ing]" not to have problems for 30 years. Tr. 45, 47-48.

The ALJ rejected plaintiff's subjective symptom testimony to the extent that it conflicted with the RFC. First, the ALJ found that plaintiff's work history belied her allegations of disabling symptoms and limitations. The ability to sustain work despite impairments supports a finding of nondisability. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); see also Bray, 554 F.3d at 1228. Here, plaintiff alleged that she became disabled on February 8, 2011 due to post-traumatic stress disorder, bipolar disorder, and degenerative disc disease. Tr. 12. She has consistent work history leading up to her alleged onset date despite her allegations of lifelong impairments. Tr. 189. Plaintiff also sought part-time work after her alleged onset date. Tr. 40, 189. It was reasonable for the ALJ to conclude that plaintiff's work history and efforts to seek work contradict her subjective symptom testimony; thus, the ALJ provided one clear and convincing reason to support his credibility finding. Bayliss, 427 F.3d at 1216.

As a second reason for rejecting plaintiff's testimony, the ALJ found that the objective medical evidence in the record did not support plaintiff's testimony regarding her disabling limitations, because physical examinations were mostly unremarkable. Tr. 15. Minimal objective findings can further undermine a claimant's credibility when other reasons are present. Burch,

400 F.3d at 680-81. On February 10, 2011, for example, treating physician Jason Phillips, MD,

noted unremarkable gait, motor, and sensory exams. Tr. 15, 259-60.  Dr. Phillips also found

plaintiff's mental status to be "grossly normal" on examination. Id.  These findings provide

additional weight to the ALJ's credibility analysis. Burch, 400 F.3d at 680-81.

    Third, the ALJ found that plaintiff's mental impairments improved with treatment despite

situational stressors. Tr. 16. Positive response to treatment is a valid credibility consideration,

and evidence of conservative treatment may properly discredit a claimant's allegations of

disabling symptoms. Parra, 481 F.3d at 750–51; see also Molina v. Astrue, 674 F.3d 1104, 1113

(9th Cir. 2012) (ALJ properly based a negative credibility finding in part on evidence that

claimant's anxiety disorder could be controlled with medication). Treatment notes throughout the

record reveal plaintiff "doing ok," and that her mental symptoms lessened in intensity on

medication. Tr. 387, 420, 569. A June 5, 2013 treatment note documents that plaintiff was

pleasant and cooperative with linear thought process despite constricted affect. Tr. 575. On this

record, it was reasonable for the ALJ to infer that plaintiff's positive reaction to medication

reduced her credibility regarding her disabling mental symptoms. Parra, 481 F.3d at 750–51;

Molina, 674 F.3d at 1113.

    Finally, the ALJ found that plaintiff's activities of daily living were inconsistent with her

allegations about the nature and extent of her limitations. For example, plaintiff was able to go

for walks to the library and to the park, take the city bus for transportation, shop, and perform

household chores. Tr. 48, 52, 53, 58, 511. Plaintiff also had hobbies including making crafts out

of hardware and volunteering as a cashier for Habitat for Humanity. Tr. 245, 388, 417. She also

continued to look for work, and stated that she was "volunteering to demonstrate that she is in

the community, [and is] active and capable of work." Tr. 431. Even when unsuccessful, job

searches undermine a claimant's credibility.  Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996).

The Court finds that plaintiff's activities including searching for work provide additional weight

to the ALJ's credibility determination. Id.

   In sum, the ALJ provided legally sufficient reasons to reject plaintiff's testimony that she

was completely disabled by her symptoms and limitations, and his credibility evaluation is

affirmed. While plaintiff alleges further error in the ALJ's evaluation of her testimony, any such

error is therefore harmless. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197

(9th Cir. 2004) (where one of the ALJ's several reasons supporting an adverse credibility finding

was held invalid, such error is harmless because the ALJ provided at least one legally sufficient

reason for rejecting the claimant's credibility).

**B.**  **Medical Evidence**

   Plaintiff next argues that the ALJ erred in his evaluation of the medical record. The ALJ

is responsible for resolving conflicts in the medical record, including conflicts among

physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth

Circuit distinguishes between the opinions of three types of physicians: treating physicians,

examining physicians, and non-examining physicians. The opinions of treating physicians are

generally accorded greater weight than the opinions of non-treating physicians. Lester, 81 F.3d at

830. A treating doctor's opinion that is not contradicted by the opinion of another physician can

be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th

Cir. 1991). If a treating or examining doctor's opinion is contradicted by another doctor's

opinion, it may be rejected by specific and legitimate reasons. Bayliss, 427 F.3d at 1216.

   Plaintiff first argues that the ALJ failed to properly consider her low GAF scores. The

ALJ acknowledged the low range of GAF scores in the record, and explained that he gave the

scores little weight "because they lack probative value." Tr. 17. The record includes a GAF score

of 40 from January 23, 2012 "due to current crisis" and a GAF score of 48 from January 5, 2012

accompanied by a note that plaintiff was experiencing financial problems. Tr. 391, 405. In

assigning "little weight" to these scores, the ALJ explained that he could not discern whether the

scores related to plaintiff's functioning or to her symptoms. Tr. 17. He noted that as a reflection

of plaintiff's symptoms, the GAF scores were not probative because plaintiff's subjective reports

about her symptoms were not credible. While plaintiff offers an alternative interpretation of the

record, it was reasonable for the ALJ to reject plaintiff's GAF scores and the Court therefore

upholds his conclusion. See Batson, 359 F.3d at 1193 (where variable interpretations of the

evidence are reasonable, the ALJ's rational interpretation must be upheld).

Plaintiff also argues that the ALJ improperly rejected the opinion of Dr. Phillips. Dr.

Phillips opined that plaintiff has severe limitations, stating that she can lift only 10 pounds

occasionally; frequently lift or carry less than 10 pounds, stand or walk for less than 2 hours in

an 8-hour workday, and sit for less than 6 hours in a workday.  Tr. 469, 528.

As an initial matter, Dr. Philips's opinion was contradicted by the medical opinions of

state agency physicians Sharon Eder, MD, and Linda Jensen, MD, who assessed more moderate

limitations on plaintiff's functioning. Tr. 80-81, 93-94. The ALJ was therefore required to

provide specific, legitimate reasons for rejecting Dr. Phillips's controverted opinion. Tonapeytan

v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); Widmark v. Barnhart, 454 F.3d 1063, 1066-67

(9th Cir. 2006).

The ALJ rejected Dr. Phillips's opinion because it was based upon plaintiff's subjective

symptom testimony, and because it was otherwise unsupported by Dr. Phillips's objective

findings. Tr. 18, 296, 469, 484, 486, 553, 563. The ALJ need not accept a medical opinion that is

based upon a claimant's subjective reports when the claimant is properly found to be not credible, and may reject an opinion that is unsupported by objective findings. Tommasetti v. Astrue, 533 F.3d 1035, 1040-42 (9th Cir. 2008). As discussed above, the ALJ properly rejected plaintiff's credibility.[1] Further, while Dr. Phillips endorsed the limitations listed above, his physical examination notes document that plaintiff had normal strength and sensation; no tenderness in her spinal column, normal gait and leg strength, and no tenderness and negative straight leg raise. Tr. 479, 486, 484, 486. On this record, the ALJ provided at least one specific, legitimate reason for rejecting Dr. Phillips's opinion. Tommasetti, 533 F.3d at 1040-42. The ALJ's evaluation of the medical evidence was supported by legally sufficient reasons based on substantial evidence in the record, and his opinion is affirmed.[2] Tonapeytan, 242 F.3d at 1148.

## II.    CONCLUSION

The Commissioner's decision that plaintiff is not disabled was supported by substantial evidence in the record and is therefore AFFIRMED.

DATED this 29 day of April, 2016.

Ann Aiken
United States District Judge

---

[1] Plaintiff also admitted to a treatment provider that "she has not been honest in her treatment course." Tr. 17, 390-91.

[2] Plaintiff also argues that the ALJ erred in failing to address the side-effects of her medication. Plaintiff, however, does not enumerate any specific functional limitations associated with the side-effects. As plaintiff has not identified legal error in the ALJ's treatment of her medication side-effects, the Court rejects this argument.

Page 11 – OPINION AND ORDER